IN AND FOR THE UNITED STATE DISTRICT COURT, IN AND FOR TALLHASSEE, FLORIDA

SYLVESTER JOHNSON
    Petitioner,

v.

STATE OF FLORIDA
    Plaintiff,

L.T. CASE NO: CRC-1306410-CFANO
DC TO BE SUPPLIED:
DIV. B

REQUEST FOR LEAVE TO FILE MOTION
FOR AMICUS CURAIE

COMES NOW, PETITIONER, SYLVESTER JOHNSON, pro,se pursuant to FLA.R.APP.P.9.210(b); Daubert v. U.S, 509, 579, 125, L.Ed 2d 469 S.Ct. 2786 To Review and address the Movant's Interest's and the illness of such a lay person, the time for filing such document and the adversary rejection on the Gatekeeper's Function's, by the trial Court; Expert Opinions; testimony; Interest's are as follows:

(A) Illegal Home Invasion by FDLE; see Record.
(B) Jury's, Mis-Conduct; bias; Prejudice; verdict; and Findings;
(C) State's investigation; use of "Celecia" 3-dimensional Scanner onto Petitioner's Private dwelling; and Crime Scene area;
(D) Illegal Search/Seizure being Warrantless; illegal obtained Fruits; unreliable evidence; opinions; testimonies; Improper entry of evidence; violating the 4th, 5th, 6th U.S.C.A. Amend.
(E) Bedroom interrogation; No miranda Given; refusal to view Experts opinion and testimony with scientific theories; knowledge; skills; or education; and principles; standards;
(F) Fairness in Judicial Setting's or the right and

their duties to disclose to Petitioner at discovery, See Record.

(G). They was without Jurisdiction to impose Sentence. See record; Primary Jurisdiction.

(h). The state did motion to retest or Further-test evidence; in their Posession; they admitted the video of scan data to Jury for Review, they were confused, they indicated that something was bothering them, that the evidence did not match-up; item's was not in their Posession.

(i). They went back to Petitioner's Former Place of Resident while in custody awaiting New Trial, a month before trial May 14th 2015; and retrieved items that was not in state's Posession nor evidence. See Record. Nothing but Primary evidence.

(j) The state did not establish General Principle's, See Record; New trial started on May 14th (2015); After Mis-Trial was had, See Record

## Relief Sought

Discharge, No Further incarcenceration or litigation in the Interest of Justice, See Record, 3.10; and TT-904-928; 3.10 Rule 1. See Record

### Oath/Verification

Under the Penality of Perjury, Pursant to §28, U.S.C. §1746, and § Fla. Stat. §92.525, I declare under the Penalty of Perjury that the foregoing instrument are true and correct. On this date 28th July, (2017). by the undersigned   Sylvester Johnson  026655

(2.)

Taylor Correctional Institution Law Library - Name: Sylvester Johnson   DC: 026655   Bunk# F3105-L

CERTIFICATE OF SERVICE:

I HEREBY certify a Copy of the Foregoing Instrument has been furnished by U.S. Mail to the Clerk of Court US District Court, 111 N. Adams Street, Suite 322 Tallahassee, FL. 32301-7730 and to the office of Attorney General, Mailed this 28th July (2017)

Sylvester Johnson #026655

OUTGOING LEGAL MAIL
PROVIDED TO TAYLOR C.I. FOR
MAILING ON
7-27-17
DATE (MAILROOM MAIN UNIT) OFFICER INT.

(3)

Taylor Correctional Institution Law Library - Name: Sylvester Johnson   DC: 026655   Bunk# F3-105-L

Silvester Johnson #626655 F3-105-L
Taylor Correction Institution
8501 Hampton Springs Road
Perry Florida 32348



Mailed From A State Correctional Institution

Clerk of District Court
111. N. Adams St. Suite 322
Tallahassee, Florida 32301-7730

LEGAL MAIL